

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-0515-CR

_____

FRANK NAVARRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-436251, Honorable Jim Bob Darnell, Presiding

March 12, 2013

ORDER OF ABATEMENT AND REMAND

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Following a plea of not guilty, Appellant, Frank Navarro, was convicted of driving while intoxicated, third or more,[1] enhanced, and sentenced to ninety-nine years confinement. When the clerk's record was filed, it came to this Court's attention that it did not contain a *Trial Court's Certification of Defendant's Right of Appeal* as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure. By letter dated

---

[1] TEX. PENAL CODE ANN. § 49.09(b)(2) (WEST SUPP. 2012).

January 8, 2013, the trial court judge and trial court clerk were notified of the defect and given thirty days to correct the deficiency. *See* TEX. R. APP. P. 37.1. Following expiration of the deadline, on March 4, 2013, the Clerk of this Court inquired of the trial court clerk whether a certification had been filed. The trial court clerk advised that the certification remained outstanding.

Rules 44.3 and 44.4 of the Texas Rules of Appellate Procedure reflect an interest in ensuring that a defendant's right to appeal is not abridged due to defects or irregularities which can be corrected. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005). Both the clerk's record and reporter's record demonstrate that Appellant entered a plea of not guilty. Thus, he has the right to a direct appeal.

Consequently, we now abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be filed and included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within 30 days of the date of this order.

It is so ordered.

Per Curiam

Do not publish.

2